**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-60691
Conference Calendar

DEMARIO DONTEZ WALKER

Plaintiff-Appellant

v.

MISSISSIPPI PAROLE BOARD; DEPUTY COMMISSIONER LORA COLE;
CHRISTOPHER B EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS; CHIEF RECORDS OFFICER GLORIA GIBB

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:08-CV-132

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Demario Dontez Walker, Mississippi state prisoner # L1625, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted. In his complaint, he argued that (1) his due process rights were violated by the revocation of his parole and the loss of his street-time credit and (2) MISS. CODE ANN. § 47-7-27, which governs

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the procedure for parole revocation, was unconstitutional. As relief, Walker sought reinstatement of his term of parole and the restoration of his street-time credit.

Because success in Walker's action "would necessarily demonstrate the invalidity of confinement or its duration[,]" a § 1983 action is barred, and his claims must be brought in a habeas corpus petition. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). The district court properly declined to construe Walker's complaint as a habeas petition because Walker failed to exhaust his state remedies. The district court's dismissal for failure to state a claim was therefore proper. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Walker's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore dismissed. *See* 5TH CIR. R. 42.2. Walker has already been informed that he has accumulated three strikes under 28 U.S.C. § 1915(g). *Walker v. Norwood*, No. 3:08-cv-275-TSL-JCS, 2009 WL 387337, at *1 (S.D. Miss. Feb. 13, 2009). Walker is no longer able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). In order to avoid the imposition of an additional sanction, Walker should review any pending appeals and actions and move to dismiss any that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.